# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

  vs.                                              Case No. 1:19-CR-00766-WJ-2

JUSTIN BROWN,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JUSTIN BROWN'S APPEAL OF DETENTION ORDER AND AFFIRMING DETENTION ORDER

THIS MATTER is before the Court on the Defendant Justin Brown's Appeal of Detention Order, filed May 28, 2019 (**Doc. 25**). The Court held a hearing on the appeal on June 10, 2019. The Court reviewed the pretrial services report, heard the parties' argument and proffers, and conducted a *de novo* review of the record. Based on Defendant's representations that the Pretrial Service Report contained errors, the Court directed Probation to review and supplement the Pretrial Services Report. **Doc. 34.** For the reasons stated below, the Court finds that Defendant's appeal is not well taken and is therefore **DENIED**.

## BACKGROUND

United States Magistrate Judge Jerry Ritter held a detention hearing on April 17, 2019. Judge Ritter concluded that Defendant failed to overcome the rebuttable presumption, and ordered Defendant detained pending trial. **Doc. 16, 19.**

The Pretrial Services Report recommended that Defendant remain in pretrial detention, and listed several assessments supporting its recommendation that he may be a flight risk or danger to

the community.  **Doc. 14, 35.**  Defendant challenged the Pretrial Services Report, arguing that it had erred in providing that he (1) uses an alias, and that (2) he had failed to appear at court hearings.

Upon direction of the Court, Probation supplemented the report.  **Doc. 35.**  The supplement provided that Probation further investigated his prior criminal history and determined that he has no history of failing to appear for court hearings.

## LEGAL STANDARD

The Defendant appeals United States Magistrate Judge Jerry H. Ritter's Order of Detention, pursuant to 18 U.S.C. § 3145(b).  The Court reviews the detention order *de novo*. *United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).  "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under 18 U.S.C. § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

## DISCUSSION

**A.** **Rebuttable Presumption.**

The drug distribution charges against Defendant establish a rebuttable presumption "that no condition or combination of conditions will reasonably assure [his appearance] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Defendant bears the burden of producing evidence to rebut the presumption. *See United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) (per curiam). "Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. At the same time, "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.* at 1354-55; *see generally United States v. Villapudua-Quintero*, 308 F. App'x 272, 273 (10th Cir. 2009). Defendant was indicted by grand jury, and the Government's proffer provides that Defendant was on video participating in narcotics sales. This is sufficient to establish probable cause, and therefore the rebuttable presumption arises. *See* 18 U.S.C. § 3142(e)(3)(A) (presumption of detention arises when "there is probable cause to believe that the person committed" a listed offense); *United States v. Silva*, 7 F.3d 1046, 1046 (10th Cir. 1993) ("The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more.")

Defendant presented some evidence that he is not a flight risk. He showed that he has appeared at prior hearings and has never received a bench warrant. *See* **Doc. 35** (supplement to pretrial services report). This is sufficient to rebut the presumption that he is a flight risk.

However, as United State Magistrate Judge Ritter found, Defendant has not presented any evidence that any combination of conditions will reasonably assure the safety of the community. At the appeal hearing, Defendant proposed that he be released to the third-party custody of his wife and be subject to substance abuse testing, but there is nothing in that proposal that would

3

reasonably assure the safety of other people or the community. Rather, because of his substance abuse issues, Defendant has previously been kicked out of that home for the well-being of their children. Therefore, Defendant has failed to rebut the presumption that he is a danger to the community.

**B.     Section 3142(g) factors.**

Alternatively, in considering the §3142(g) factors, the Court concludes that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community.

First, the nature and circumstances of the crime charged weigh toward detention. Defendant was charged with two counts of distributing methamphetamine - one count of distributing 5 grams or more and the other of distributing 50 grams or more. The rebuttable presumption applies to these charges and may be considered as a factor in the § 3142(g) analysis. *Stricklin*, 932 F.2d at 1355. The Court concludes that this factor weighs toward finding there is a risk of Defendant's nonappearance and that he is a danger to society.

Second, the weight of the evidence is exceedingly strong. The Government has video evidence of Defendant conducting at least one narcotics transaction, and the testimony of a confidential informant. The strength of this evidence, along with the severity of the alleged crime, increases the risk that Defendant will not appear in court.

Third, Defendant's personal history and characteristics shows there is a risk of nonappearance and of danger to the community. This is Defendant's fifth and most serious charge. His previous charges have included receipt of stolen property and vehicles, and possession of a controlled substance. It appears that Defendant committed the alleged acts in this case while on supervision or release in another case. Moreover, Defendant has a prior substance abuse related

offense, and his wife said that he used to "drink a lot" and use methamphetamine, which contributed to the failure of his courier business. It is alleged that he violated the terms of his probation at least five times. Moreover, his substance abuse issues caused his wife to remove him from their home for their children's well-being. However, Defendant has reported a history of employment, although derailed by substance abuse, and it appears Defendant has not missed a court appearance.

Finally, Defendant poses a danger to the community. Defendant is charged with distribution of methamphetamine, which may pose a danger to the community. *United States v. Villapudua-Quintero*, 308 F. App'x 272, 273 (10th Cir. 2009) (alleged crime involving large amount of methamphetamine posed danger to community); *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (community safety concern may include threat of drug trafficking), *citing United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) ("The concern about safety is to be given a broader construction than the mere danger of physical violence."). The Government also proffered that there was a confidential informant involved, who may be in danger if Defendant is let out of pretrial detention.

These are the most serious charges Defendant has faced to date, and his first in Federal court. The Court concludes that the weight of the evidence against him, along with potential severity of the punishment, create a risk that he will not appear.

Considering these factors, along with the remaining unrebutted risk factors in the Pretrial Services Report, the Court finds by a preponderance of the evidence that Defendant is a flight risk and finds by clear and convincing evidence that Defendant is a danger to the community.

**C.** **No condition or combination of conditions of release will reasonably assure Defendant's appearance or the safety of the community.**

At the appeal hearing, Defendant proposed that he be released to his wife as a third-party custodian. The Court finds this situation entirely inadequate. The Government argued Defendant is alleged to have trafficked drugs while married to his wife, which Defendant did not dispute. Moreover, she alleges he previously abused substances while they lived together. Given the weight of the evidence and the severity of the punishment, the Court finds that Defendant has great incentive to flee, and these conditions are not sufficient to reduce the risk of his nonappearance or reasonably assure the safety of the community. In the supplemental briefing, Defendant suggested he be released to La Pasada Halfway house. However, for similar reasons, the Court concludes that option will not reasonably assure his appearance or the safety of the community.

Therefore, the Court concludes that no condition or combination of conditions will reasonably assure his appearance or the safety of the community.

## **CONCLUSION**

The Court concludes that Defendant failed to rebut the presumption that he is a danger to the community. Alternatively, weighing the § 3142(g) factors together, the Court concludes that the Government has shown, by a preponderance of the evidence, that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. The Court further concludes that no condition or combination of conditions can reasonably assure Defendant's appearance or the safety of the community.

**IT THEREFORE ORDERED** that the Defendant's Appeal of Detention Order **(Doc. 25)** is **DENIED.**

**IT IS FURTHER ORDERED** that United States Magistrate Judge Jerry Ritter's detention order is **AFFIRMED.**

**IT IS FINALLY ORDERED** that Defendant shall remain in the custody of the United States Marshal pending further order of the Court.

_____
CHIEF UNITED STATES DISTRICT JUDGE